59 F.3d 182
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Frank R. DEUTSCH, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3370.
 United States Court of Appeals, Federal Circuit.
 June 20, 1995.
 
 Before: RICH, NIES, and SCHALL, Circuit Judges.
 DECISION
 NIES, Circuit Judge.
 
 
 1
 Frank Deutsch appeals the decision of the Merit Systems Protection Board affirming the termination of his disability retirement annuity by the Office of Personnel Management (OPM). OPM concluded that Mr. Deutsch's income exceeded the statutory earnings limitation as a result of his receipt of a $15,000 annual housing allowance from his employer. We affirm.
 
 DISCUSSION
 
 2
 Subsequent to his disability retirement, Mr. Deutsch was required to file income reports with OPM, which he did with regularity. To verify the accuracy of the earnings information that Mr. Deutsch had provided, OPM conducted a computer match with records of the Social Security Administration (SSA).
 
 
 3
 Under 5 U.S.C. Sec. 8337(d), a disability annuitant who earns at least 80% of the current salary of his prior position in any year loses his entitlement to a disability annuity. As a result of the SSA computer match, OPM discovered that Mr. Deutsch, a minister employed by the Austin Baptist Association, had reported a $15,000 ministerial housing allowance to SSA as part of his income for 1987, but he omitted the amount of the allowance from his income report to OPM. With this additional $15,000 counted as income, Mr. Deutsch's income for 1987 exceeded the statutory earnings limitation, and OPM terminated his annuity effective July 1, 1988.
 
 
 4
 We hold that the MSPB properly upheld OPM's inclusion of Mr. Deutsch's housing allowance as "income." As indicated, OPM's inclusion of a housing allowance as income for disability purposes gives this payment the same treatment that it receives for purposes of determining Social Security benefits. Clearly, OPM has not adopted an unreasonable interpretation of "income" for benefit purposes.
 
 
 5
 Mr. Deutsch challenges OPM's classification of his housing allowance because such an allowance is not considered income under the Internal Revenue Code (IRC). However, there is no statutory directive that OPM must follow the IRC's definition of income in determining an annuitant's entitlement to continued benefits.
 
 
 6
 In sum, having considered all of Mr. Deutsch's arguments, we agree that OPM's decision was neither arbitrary nor capricious, but was a reasonable interpretation of the statute. OPM did not seek to appeal the MSPB's waiver of overpayments made to Mr. Deutsch. Accordingly, the decision of the MSPB is affirmed.